UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 00-4515

THOMAS WAYNE MOXLEY,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-285)

Submitted: December 20, 2000

Decided: February 12, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

John G. Lafratta, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, N. George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Wayne Moxley, appeals his conviction for possession of firearms pursuant to a guilty plea. Moxley, through his attorney, raises two issues on appeal: whether the district court properly denied his motion to suppress and whether the district court properly denied his request for downward departure for diminished capacity. *See U.S. Sentencing Guidelines Manual* § 5K2.13 (1998). Moxley filed a motion for leave to file a pro se supplemental brief and supplemental brief challenging the constitutionality of 18 U.S.C.A. § 922(g) (West Supp. 2000). We grant Moxley's motion to file a pro se supplemental brief. The Government notes Moxley's waiver of appellate rights in his plea agreement, and we dismiss Moxley's appeal based upon his waiver.

Police officers responded to a call for assistance placed by Moxley regarding a dispute with his neighbor. During the ensuing investigation, the neighbor reported that Moxley had threatened him with a firearm; Moxley admitted to owning several firearms; and Moxley confirmed the police officer's previous knowledge that he was a convicted felon. Officers obtained a search warrant and discovered the firearms in question during the search. After the motion to suppress the physical evidence was denied, Moxley entered a guilty plea pursuant to an unconditional plea agreement. He was sentenced to ninety-seven-months' imprisonment.

We have reviewed the record and find that Moxley entered a valid, unconditional guilty plea and did not preserve his right to appeal. *See* Fed. R. Crim. P. 11(a)(2); *United States v. Wessels*, 936 F.2d 165, 167 (4th Cir. 1991). A valid guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, we dismiss Moxley's appeal of his conviction and sentence based upon the waiver of appellate review in his plea agreement. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*